# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION



| | | |
|---|---|---|
| JAMIE WAZELLE, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | 2:20-CV-203-Z |
| | § | |
| TYSON FOODS, INC., *et al.*, | § | |
| | § | |
| Defendants. | § | |

**ORDER**

Before the Court is Defendants' Supplemental Motion to Dismiss (ECF No. 46). For the reasons stated below, the Motion is **DENIED WITHOUT PREJUDICE**. Plaintiffs are **ORDERED** to amend their First Amended Petition responsive to the issues outlined in this Order by **Friday, September 10, 2021**. Defendants' First Motion to Dismiss (ECF No. 6) is **DENIED** as moot.

On June 14, 2021, Texas passed the Pandemic Liability Protection Act which relates to "liability for causing exposure to pandemic disease." TEX. CIV. PRAC. & REM. CODE § 148.003. Both parties agree this law is applicable to the current suit. This new law states that a "person is not liable for injury or death caused by exposing an individual to a pandemic disease during a pandemic emergency" unless the claimant establishes that:

(1) the person who exposed the individual:

    (A) knowingly failed to warn the individual of or remediate a condition that the person knew was likely to result in the exposure of an individual to the disease, provided that the person:

        (i) had control over the condition;

> > (ii) knew that the individual was more likely than not to come into contact with the condition; and
> >
> > (iii) had a reasonable opportunity and ability to remediate the condition or warn the individual of the condition before the individual came into contact with the condition; or
>
> (B) knowingly failed to implement or comply with government-promulgated standards, guidance, or protocols intended to lower the likelihood of exposure to the disease that were applicable to the person or the person's business, provided that:
>
> > (i) the person had a reasonable opportunity and ability to implement or comply with the standards, guidance, or protocols;
> >
> > (ii) the person refused to implement or comply with or acted with flagrant disregard of the standards, guidance, or protocols; and
> >
> > (iii) the government-promulgated standards, guidance, or protocols that the person failed to implement or comply with did not, on the date that the individual was exposed to the disease, conflict with government-promulgated standards, guidance, or protocols that the person implemented or complied with; and
>
> (2) reliable scientific evidence shows that the failure to warn the individual of the condition, remediate the condition, or implement or comply with the government-promulgated standards, guidance, or protocols was the cause in fact of the individual contracting the disease.

In short, Plaintiffs now have the burden to show that Defendants knowingly failed to remediate dangerous infectious conditions or warn Plaintiffs of them, *or* show that Defendants knowingly failed to implement or comply with government-promulgated standards. Additionally, Plaintiffs must allege that "reliable scientific evidence shows" that Defendants' actions caused Plaintiffs to contract the disease.

Plaintiffs' First Amended Petition, ECF No. 1-14, fails to allege facts that meet the new standards established under Texas law. To give two examples, Plaintiffs fail to allege that "reliable scientific evidence" shows that Tyson was the cause in fact of Plaintiffs' contracting of COVID-19. Additionally, Plaintiffs do not even allege the dates they contracted COVID-19, so it is

2

*impossible* for the Court to determine if Defendants had a "reasonable opportunity" to implement government-promulgated standards or warn the Plaintiffs of dangerous infectious conditions. *See also* ECF No. 48 at 1-2.

But Plaintiffs ask the Court to grant them leave to amend their complaint to cure any deficiencies found therein. Rule 15(a) of the Federal Rules of Civil Procedure "instructs the court to 'freely give leave when justice so requires.'" *Shelton v. Bonham Indep. Sch. Dist.*, 4:17-CV-00764, 2018 WL 466258, at *1 (E.D. Tex. Jan. 18, 2018). Here, the Pandemic Liability Protection Act was passed *after* Plaintiffs filed their complaint. The Court finds it would be unjust to deny Plaintiffs the opportunity to amend their First Amended Petition to comply with the Act. Accordingly, Plaintiffs are **ORDERED** to amend their Complaint responsive to the issues outlined in this Order by **Friday, September 10, 2021**.

**SO ORDERED.**

August 20, 2021.

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE