IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MARIA YOLANDA CHAVEZ, *Individually and on Behalf of Minor LC and Estate of Jose Angel Chavez, Et Al.*,<br><br>    Plaintiffs,<br><br>v.<br><br>TYSON FOODS, INC. *d/b/a Tyson Foods;* TYSON FRESH MEATS, INC.; TRANSPLACE TEXAS, LP.; AXIOM MEDICAL; COMMUNITY CARE HEALTH NETWORK, LLC. *d/b/a Matrix Medical,*<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)     Civil Action No. 3:21-CV-1184-C |

## ORDER

For essentially the reasons argued therein, the Court **ORDERS** that Plaintiffs' Motion to Remand be **GRANTED** and that this civil action be **REMANDED** back to the County Court at Law No. 3, Dallas County, Texas.[1] Specifically, the Court finds that Defendants have failed to carry their heavy burden in establishing that: (1) they were acting under the direction of a federal officer when they engaged in the alleged tortious conduct; (2) the alleged conduct is connected or associated with an act taken pursuant to a federal officer's directions; or (3) a colorable federal defense is available.[2] *See Mumfrey v. CVS Pharm., Inc.*, 719 F.3d 392, 397 (5th Cir. 2013) (the

---

[1] The Court emphasizes that any doubts should be strictly construed in favor of remand. *African Methodist Episcopal Church v. Lucien*, 756 F.3d 788, 793 (5th Cir. 2014).

[2] Moreover, the removal of this civil action based upon federal question jurisdiction was not proper because Plaintiffs' common-law tort claims do not depend necessarily on a disputed or substantial question of federal law. *See Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005) ("the question is, does a state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities."). Additionally, merely referencing federal

party seeking to remove a case to federal court bears the burden of showing that federal jurisdiction exists and that removal was proper); *see also Glenn v. Tyson Foods, Inc.*, ___ F. Supp. 3d ___, 2021 WL 3614441 (E.D. Tex. Aug. 12, 2021); *Fernandez v. Tyson Foods, Inc.*, 509 F. Supp. 3d 1064 (N.D. Iowa 2020); *but see Wazelle v. Tyson Foods, Inc.*, 2021 WL 2637335 (N.D. Tex. June 25, 2021); *Fields v. Brown*, 519 F. Supp. 3d 388 (E.D. Tex. 2021).[3]

Any and all pending Motions are **DENIED AS MOOT** subject to being refiled in state court. The Clerk of Court shall mail a certified copy of this Order to the County Clerk of Dallas County, Texas.

SO ORDERED.

Dated October 27, 2021.

SAM R. CUMMINGS
SENIOR UNITED STATES DISTRICT JUDGE

---

regulations within the context of state law negligence claims does not confer federal question jurisdiction. *See Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 813 (1986) ("the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction.").

[3] The Court notes that the United States has filed an amicus brief in two consolidated and closely related appeals—currently pending before the United States Court of Appeals for the Eighth Circuit— in which the United States argues that "Tyson is not entitled to a federal forum because it was not performing a federal function under the direction of a federal officer during the relevant period, and federal law provides no defense to plaintiffs' claims." *See Buljic v. Tyson Foods, Inc.*, Nos. 21-1010 & 21-1012 (8th Cir.).